UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:13-0727 |
| v. | ) | |
| | ) | Judge Sharp |
| MELVIN LIGHTFORD and | ) | |
| CAROLYN Y. LIGHTFORD | ) | |
| | ) | |
| and | ) | |
| | ) | |
| PNC MORTGAGE | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The United States filed this suit to reduce to judgment assessments against Defendants Melvin W. Lightford and Carolyn Y. Lightford ("the Lightfords") for unpaid federal income taxes, penalties, and interest (Count I), and to foreclose the federal tax liens against the real property owned by the Lightfords at 9200 Brushboro Drive, Brentwood, Tennessee, and to sell the property, with the proceeds of the sale distributed to the parties to satisfy that judgment (Count II). PNC Mortgage asserts, and the United Concedes, a perfected security interest that is entitled to be paid prior to the federal tax lien with the proceeds of the sale of the real property. Pending before the Court is the United States' unopposed Motion for Summary Judgment (Docket No. 7). Defendant PNC Mortgages has filed a Memorandum in Support of United States' Motion for Summary Judgment. Plaintiff has filed no response to the Motion. For the reasons set forth below, the Motion for Summary Judgment will be granted.

    I.  FACTUAL BACKGROUND

Where, as here, a party fails to respond to a Motion for Summary Judgment, the Court

may rely upon the facts provided by the moving party. Guarino v. Brookfield Twp. Tr., 980 F.2d 399, 404–05 (6th Cir. 1992). Those facts establish the following:

On August 4, 2003, a delegate of the Secretary of the Treasury of the United States assessed against Melvin W. Lightford and Carolyn Y. Lightford and gave notice and demand for payment to the Lightfords for unpaid joint federal income taxes, and statutory additions to tax, for the years 1997, 1999, and 2000. The unpaid balance of the assessments as of March 21, 2013, was $70,728.26 for the year 1997, $108,756.95 for the year 1999, and $35,192.56 for the year 2000, or the total amount of $ 214,667.77.

Since the assessment date of August 4, 2003, interest has accrued on the joint income tax assessments. As of August 1, 2014, the Lightfords are indebted to the United States for unpaid joint federal income taxes, and statutory additions, for the years 1997, 1999, and 2000, in the amount of $387,477.82, plus interest accruing thereon from August 1, 2014.

On March 29, 2004, the United States filed a notice of federal tax lien with the Register of Deeds, Williamson County, Tennessee, against the Lightfords, for unpaid joint federal income tax, and statutory additions, for the years 1997, 1999, and 2000.

PNC Mortgages has a perfected security interest in the property by virtue of a Deed of Trust recorded in the Register's Office of Williamson County, Tennessee, on November 22, 2002 at Book 2632, page 970, and re-recorded on December 4, 2002, at Book 2645, page 655. The payoff on the Lightford's PNC mortgage is $151,846.9715 as of September 30, 2014. The United States agrees with PNC Mortgages that such interest is superior to the interest claimed in the real property by the United States.[1]

---

[1] The United States also concedes that PNC Mortgages "is entitled to be paid prior to the federal tax lien with the proceeds of the sale of the real property, under the principle 'the first in time is the first in right.'" Docket No. 7 at 12 (quoting United States v. City of New Britain, 347 U.S. 81, 85 (1954)).

## II. LEGAL ANALYSIS

While a court may accept the plaintiff's version of the facts when a Motion for Summary Judgment is unopposed by a defendant, "a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded." Carver v. Bunch, 946 F.3d 451, 455 (6th Cir. 1992). Rather, "[t]he court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that the movant has demonstrated the absence of a genuine issue of material fact." Id. Having undertaken the requisite review, the Court finds that Plaintiff has carried its burden and is entitled to summary judgment.

A Certificate of Assessment the IRS uses to calculate a taxpayer's tax liability—like the one used in this case—is *prima facie* evidence of a taxpayer's tax burden. See United States v. Fior D'Italia, Inc., 536 U.S. 238, 242 (2002); United States v. Janis, 428 U.S. 433, 440 (1976). Such evidence carries with it a presumption of correctness and provides an adequate basis on which to reduce an assessed tax liability to final judgment. See United States v. Hillman, 60 F. App'x 563, 564 (6th Cir. 2003) (citing United States v. Walton, 909 F.2d 915, 919 (6th Cir. 1990)). When the government presents such a certificate, the burden shifts to the taxpayer to provide convincing evidence showing the government's assessment is erroneous. Id.

In this case, the United States offered up the Certificate of Assessment the IRS used to calculate the Lightfords' tax liability, which was $387,477.82 as of August 1, 2014. The Certificates of Assessments that have been provided by Plaintiff in this matter are presumptive proof of the adequacy and validity of notices and assessments unless the record reflects some reason to suspect those documents. Gentry v. United States, 962 F.2d 555, 558 (6th Cir. 1982). The Lightfords have provided no evidence to cast that figure into doubt and the Court therefore finds that there is no issue of material fact for trial with regard to the accuracy of the income tax

assessments made against the Lightfords.

When the moving party has filed a properly supported motion for summary judgment, the non-moving party may not rest upon the mere allegations set forth in the Answer, but rather must set forth "'specific facts showing that there is *a genuine issue for trial*.'" Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 586 (1986) (italics in original, quoting Fed. R. Civ. 56(e)). The Lightfords have not done so in this case, and, therefore, summary judgment is appropriate with respect to all claims.

## JUDGMENT

The Court finding good cause for the granting of said motion, it is hereby

ORDERED that the United States' Motion for Summary Judgment be and hereby is GRANTED; and it is further

ORDERED that the Clerk of the Court enter JUDGMENT in favor of the United States of America and against Melvin W. Lightford and Carolyn Y. Lightford in the amount of $387,477.82, plus interest from August 1, 2014 to the date of judgment in accordance with 26 U.S.C. § 6621(a)(2) and interest from the date of judgment to the date the judgment is paid in accordance with 28 U.S.C. § 1961(c)(1) and 26 U.S.C. § 6621(a)(2).

The Court further determines that the United States has valid and subsisting liens on the real property owned by Melvin W. Lightford and Carolyn Y. Lightford at 9200 Brushboro Drive, Brentwood, Tennessee. These liens are FORECLOSED. The property is ORDERED SOLD. The proceeds of the sale will be distributed as follows:

First, to PNC Mortgages to the extent necessary to satisfy its mortgage recorded November 22, 2002 and re-recorded December 4, 2002.

Second, the entirety of the balance to the United States to satisfy its lien relating to the

August 4, 2003 assessment.

    It is SO ORDERED.

                                                                _____
                                                                KEVIN H. SHARP
                                                               UNITED STATES DISTRICT JUDGE